**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4235

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARVIN RASHAAD CUMMINGS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:23-cr-00319-BO-BM-1)

Submitted:  June 1, 2026                    Decided:  August 11, 2026

Before NIEMEYER, GREGORY, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Seth A. Neyhart, LAW OFFICE OF SETH A. NEYHART, Durham, North Carolina, for Appellant.  W. Ellis Boyle, United States Attorney, Lucy Partain Brown, Assistant United States Attorney, Sarah E. Nokes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Petitioner Marvin Rashaad Cummings appeals his final judgment and sentence from the Eastern District of North Carolina, alleging that his plea hearing violated Federal Rule of Criminal Procedure 11. In October 2023, a grand jury charged Mr. Cummings with six counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Counts One through Five and Seven), two counts of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts Six and Eight), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count Nine). J.A. 12–20. The indictment also alleged that Defendant had three qualifying convictions under the Armed Career Criminal Act. J.A. 18. Defendant pled guilty to Counts Five, Seven, and Eight in December 2024.

During the plea hearing, Defendant was advised that for Count Eight, in "the case of a violation that occurs after a prior violation under this subsection has become final, the penalty would be not less than 25 years, nor more than life imprisonment, to be served consecutive to any other sentence . . ." S.A. 19. Defendant affirmed that he heard and understood everything discussed during the hearing. S.A. 39. He denied having questions. S.A. 39. Likewise, the written plea agreement that Defendant entered in December 2024 specified the government's promise to dismiss the remaining robbery and gun counts and to recommend a sentence of 25 years' imprisonment. J.A. 68. This agreement stated that Defendant "underst[ood], agree[d], and admit[ted]" that the minimum term of incarceration for Count Eight was 25 years. J.A. 64, 66.

At Defendant's Rule 11 hearing, the court mistakenly advised Defendant that the mandatory minimum for Count Eight was seven years. J.A. 26. In the subsequent

2

presentence investigation report (PSR), the United States Probation officer noted that the statutory minimum for Count Eight was 25 years, as Defendant had agreed to in the plea hearing and written agreement. J.A. 108. Defendant did not object. J.A. 89–94, 111–12.

At the sentencing hearing, the court asked why the Count Eight penalty was 25 years. J.A. 36. Defense counsel explained that this minimum applied because Defendant had a prior § 924(c) conviction, and that this was what the parties had agreed to in the plea agreement. The court accordingly sentenced Defendant to one day of imprisonment for each of Counts Five and Seven and 25 years of imprisonment for Count Eight. J.A. 40, 43.

Defendant now claims that the court's mistaken statement during the Rule 11 hearing, that the mandatory minimum for Count Eight was seven years, caused him to misunderstand the terms of his plea agreement, thereby rendering his agreement invalid. The record does not support this claim. Defendant confirmed, without objection, that he understood Count Eight's minimum sentence to be 25 years during his plea hearing, on the written plea agreement, and, once the Rule 11 hearing had occurred, in the PSR and during the sentencing hearing. While the court's mistaken advisement about the mandatory minimum may have been an error, Defendant falls short of showing that such error had an impact on his substantial rights, as required under the plain error standard. *United States v. Olano*, 507 U.S. 725, 732 (1993).

Defendant has filed a motion to amend his opening brief along with a new declaration that the district court's mistaken advisement was what caused him to sign his plea agreement. The Court has reviewed the motion, the proposed amended brief, and the declaration and denies the motion as both improper and futile. Defendant's proposed

3

declaration does not withstand the evidence in the record, which reflects that Defendant made no objections to the PSR or, crucially, during the sentencing hearing before the judge—even when the judge asked for clarification on why the mandatory minimum was twenty-five rather than seven years.  J.A. 36.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
